## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **ERIC PRESTON,** | : | **Civil Action No.: 09-3714 (JAP)** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **MEMORANDUM OPINION** |
| | : | |
| **CHRISTOPHER MALCOLM, et al.,** | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

**ARPERT, U.S.M.J.**

## I.     INTRODUCTION

This matter is before the Court upon the Motion of non-party movants County of Warren and the Warren County Prosecutor's Office ("Prosecutor's Office") (collectively "Warren County") to Quash the Subpoenas Duces Tecum issued on or about July 29, 2009 [dkt. entry no. 3]. Plaintiff Eric Preston ("Plaintiff") opposed the Motion.   The Court has reviewed the written submissions of the parties and conducted oral argument on November 2, 2009.  For the reasons that follow, the Motion to Quash Plaintiff's Subpoenas is denied.

## II.     BACKGROUND AND PROCEDURAL HISTORY

### A.     *Factual Background*

Plaintiff's Complaint arises from an incident involving the Oxford Township Police Department that occurred on August 1, 2007.  *See generally* Pl.'s Complaint [dkt. entry no. 1]. Plaintiff's Complaint, filed pursuant to 42 U.S.C. §1983, includes the following allegations: (1) unreasonable seizure by Defendant Christopher Malcolm ("Malcolm"); (2) excessive force against Malcolm; (3) supervisory liability against Defendant "officer in charge" Charles Lilly

1

("Lilly"); and (4) municipal liability against the final policy makers of the Oxford Township Police Department. (Pl.'s Opp'n Br. at 1-2.) On July 29, 2009, Plaintiff served Subpoenas on Warren County Prosecutor Thomas S. Ferguson ("Prosecutor Ferguson") and Robert Bunn, Deputy Chief of Investigations at the Warren County Prosecutor's Office ("Chief Bunn"). The Subpoena served on Prosecutor Ferguson "seeks information from an investigation that was conducted by the Prosecutor's Office involving the underlying incident in the within matter, as well as several other instances alleging the utilization of excessive force by Malcolm." (*Id*. at 2.) The subpoena served on Chief Bunn "commands the production of any and all use of force reports from 2005-2009 regarding any member of the Oxford Township Police Department." (*Id*. at 3.) On August 28, 2009, Warren County filed the present Motion to Quash Plaintiff's Subpoenas. *See* [dkt. entry no. 3]. The motion was opposed on September 4, 2009. Warren County filed a reply brief on September 15, 2009, followed by Plaintiff's sur-reply on September 22, 2009 and, ultimately, Warren County's additional certification and privilege log on September 28, 2009.

### A.     *Warren County's Arguments in Support of the Motion to Quash*

Warren County set forth two arguments in support of the Motion to Quash. First, Warren County argues that "Plaintiff's Subpoenas are unduly burdensome because they are overly broad, request materials which are not relevant to his claim, and could have just as easily been requested from a party to the matter." (Warren County's Br. at 7.) Upon this backdrop, Warren County contends that

> [t]he only discernable nexus between the documents requested in these Subpoenas and the underlying litigation is the allegation of improper use of force by Defendant Malcolm upon the Plaintiff, [t]hus, a request of all use of force reports prepared by any member of

2

the Oxford Township Police over a period of nearly five (5) years is unnecessarily broad,
and is burdensome to the extent that it is not reasonably calculated to lead to the
discovery of materials relevant to Plaintiff's claims.

*Id*. at 9.  Warren County also contends that "a request for all documents pertaining to any

investigation of Defendant Malcolm from 2005 to present is also overly broad and burdensome

based upon the amount of time and subject matter concerning any such request."  *Id*.  Warren

County further contends that production of the amount of material that spans a five-year period is

extremely voluminous and would likely include large amounts of irrelevant materials not

reasonably calculated to lead to discoverable information, and therefore, would place an undue

burden on Warren County.  *Id*. at 10.

Next, Warren County argues that any non-privileged information in its possession could

be obtained by other means and, therefore, it would be unduly burdensome to require it to

produce the requested materials.  *Id*. at 11.  Warren County contends that the Oxford Township

Police Department is a party in this matter and it retains documents relating to investigations of

its officers as well as use of force police reports that it prepares.  Thus, Warren County believes it

is more appropriate for Plaintiff to serve the Oxford Township Police Department with the

discovery requests incorporated in the Subpoenas.  *Id*. at 11.  Warren County relies upon

*Travelers* for the assertion that the Court should consider the identity of the parties actually

possessing the information sought or its availability from alternate sources.  *Id.* (citing *Travelers*

*Indem. Co. v. Metropolitan Life Ins. Co.*, 228 F.R.D. 111 (D. Conn. 2005).  Warren County

argues that in *Travelers*, the Court quashed a subpoena served on a non-party insurer on undue

burden grounds because the non-party insurer would have to review thousands of documents and

that such information was readily available from a direct defendant.  *See id*.  Therefore, Warren

3

County argues, the Subpoenas should be quashed pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iv) based upon the unnecessarily broad scope of the Subpoenas and the fact they request materials which can be obtained from one of the parties to the litigation.

Second, Warren County argues that pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(iii), the Court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." (Warren County's. Br at 13; *see also* Fed. R. Civ. P. 45(c)(3)(A)(iii)). Specifically, Warren County argues that "[p]olice records and investigative records are generally protected from disclosure under New Jersey Law" while recognizing that "[i]t is clear that such privilege is not absolute whenever fundamental fairness or other compelling considerations outweigh the State's confidentiality interest." *Id*. at 16. (citations omitted). Warren County contends that "only 'fundamental fairness or other considerations of a compelling nature' will support disclosure of investigative records . . . [and] the State interest in protecting confidentiality of such records is afforded greater respect." *Id*. at 17 (quoting *River Edge Savings and Loan Ass'n v. Hyland*, 165 N.J. Super. 540, 544 (App. Div. 1979)). Warren County also contends that "police records are not public records under the law and that the balancing of public and private interests will at a minimum implicitly include a consideration of the scope or volume of records requested." *Id*. at 21. Warren County further contends that Plaintiff's Subpoenas seek documents "that may conceivably contain materials that are either privileged as to law enforcement, police records, or records of the Warren County Prosecutor's Office, which would be covered under attorney-client and/or work product doctrine, in addition to protection afforded to law enforcement documentation." *Id*. at 22.

Alternatively, Warren County argues that should the Motion to Quash be denied, any

4

production of documents should be subject to reasonable redactions and terms of a protective order. (Warren County's Reply Br. at 8-9.) Warren County asserts that they "have established in their submissions that the subject matter investigative files are either subject to law enforcement privilege, or failing privilege, subject to a heightened level of protection." *Id*. at 9. Warren County contends that their request for a protective order, in the event the Court compels disclosure, precludes any award of attorneys' fees. *Id*. at 12-13.

### B.    *Plaintiff's Arguments Opposing the Motion to Quash*

Plaintiff argues that the Motion to Quash should be denied because: (1) the documents sought are relevant and discoverable, and are not subject to any privilege, and thus production does not pose an undue burden and (2) the Motion to Quash is defective on its face because it fails to describe the particular documents as to which a privilege is asserted. (Pl.'s Br. at 4.)

Plaintiff argues that pursuant to Federal Rule of Civil Procedure 26(b)(1) he may obtain discovery that is relevant to any party's claim or defense, exclusive of privileged information. *Id*. at 5. Because an officer's conduct, civilian complaints and the police department's resultant investigations are integral to his §1983 municipal liability claims, Plaintiff argues he is entitled to obtain the subpoenaed materials. *Id*. at 8; *see also Torres v. Kuzniasz*, 963 F.Supp. 1201, 1206 (D.N.J. 1996) (holding that documents involving internal investigation of *all* officers, not just the defendant officer, are necessary to establish evidence of a policy or custom and such documents should not be restricted to a two-year time period). Plaintiff also argues that documents related to the Prosecutor's Office's investigations cannot be obtained from any other source because its investigations were separate and distinct from any investigation performed by the Oxford Township Police Department. *Id*. at 9. Furthermore, Plaintiff argues that Warren County's

5

Motion relies heavily on state law principles; however, the application of a privilege in federal court is governed by Federal Rule of Evidence 501.  Plaintiff points out that "federal courts are extremely hesitant to apply any state derived privileges in §1983 matters, because 'it obviously would make no sense to permit state law to determine what evidence is discoverable in cases brought pursuant to federal statutes.'" *Id*. at 11 (quoting *Torres* at 963 F.Supp. 1201, 1213).

Next, Plaintiff observes that Warren County "provides no recitation of what documents are in the possession and control of the Prosecutor's Office, the nature of the documents and why each specific document presents a burden or is privileged" as required by the Local and Federal Rules[1].  *Id*. at 13.  Specifically, Plaintiff articulates the following three deficiencies in Warren County's papers: (1) failure to provide an affidavit in writing by the head of the Prosecutor's Office in support of the claim of privilege; (2) failure to attach a privilege log which includes the date, subject, author, recipient(s) of each withheld document as well as the names of all people given copies of the document and the asserted privilege(s); and (3) failure to specify the documents for which the privilege is being asserted.  *Id.* at 14-16.  Plaintiff argues that "[t]he same rationale for requiring that a party objecting to a request for a production of documents under Fed. R. Civ. P. 34(b) must submit a written response specifying the objection to each category applies equally to the response to a subpoena duces tecum."  *Id*. at 16 (citing *United States v. O'Neill*, 619 F.2d 222, 225 (3d Cir. 1980)).

---

[1]  Fed. R. Civ. P. 26(b)(5) (indicating that a party making a privilege claim "shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection."; and L.Civ. R. 34.1 (indicating that "when any privilege is claimed, the party asserting it shall indicate, as to the information requested, whether any such documents exist.").

With regard to Warren County's claim that the document requests associated with the Subpoenas are overly broad, Plaintiff contends that the information sought is relevant and the Subpoenas have been narrowly tailored to cover a time period of less than five years and do not apply to any active investigation. *Id*. at 23. Plaintiff contends that in a §1983 case, the governmental privilege "is designed to protect documents and information whose disclosure would *seriously* harm the operation of government." *Id*. at 17 (citation omitted). Plaintiff argues that Warren County has failed to identify any particularized harm to governmental processes that would result from the disclosure of the information sought by Plaintiff. *Id*. at 19. Plaintiff also argues that "the Prosecutor's Office has not identified any particularized harm to those parties who have given information and fails to allude as to any such sources [and] [a]ny material provided by the Town of Oxford, a party in the within matter, certainly cannot be suppressed." *Id*. Moreover, Plaintiff asserts that "the courts[2] have held that these type of investigations into the misconduct of a police officer subject to a civil rights action is highly relevant not only to the officer's conduct, but to the town policymaker's knowledge and failure to act under *Monell*." *Id*. at 22. Finally, Plaintiff reminds the Court that not only are the Subpoenas at issue narrowly tailored to seek only relevant evidence but, more importantly, the Prosecutor's Office is the sole source of this crucial evidence that forms the foundation of Plaintiff's §1983 action. *Id*. at 23.

---

[2] *See Torres v. Kuzniasz*, 936 F.Supp, 1201, 1211 (D.N.J. 1996) (evaluative opinions and internal affairs reports are not privilege by *Frankenhauser*, especially in light of their high relevant to providing municipal liability under 42 U.S.C. §1983 for a municipal entity's failure to adequately respond to complaints of police brutality); *see also Beck v. City of Pittsburgh*, 89 F.3d 966 (3d Cir. 1996) (investigations and responses to civil complaints are highly relevant and not privileged by *Frankenhauser*); *see also Scouler v. Craig*, 116 F.R.D. 494, 497 (D.N.J. 1987) (supervisory evaluations are not shielded from disclosure unless there is a strong showing that confidentiality is vital to the decision-making process of the municipality or would otherwise substantially harm the public interests).

7

Lastly, Plaintiff requests the imposition of attorney's fees on the grounds that Warren County has failed to present a proper Motion to Quash, thereby depriving the Plaintiff and the Court of the ability to conduct a proper assessment, and also because the Motion to Quash has unnecessarily delayed discovery in this matter.  Plaintiff argues that "[f]aced with this deficiency, the Court in *Torres* noted that 'broad invocations of official information privilege as to entire files or categories of documents - - which do not permit plaintiff's counsel to make reasoned argument or the court to make an informed balancing decision - - ***will result in an order compelling production of all such files or documents and awarding attorneys' fees.***'" *Id*. at 25-26 (quoting *Torres v. Kuzniasz*, 936 F.Supp, 1201, 1213 (D.N.J. 1996)) (citation omitted). Plaintiff further argues the Court should not consider the issuance of a protective order because Warren County's application for such an order is presented for the first time in their reply papers, without any evidentiary support.  (Pl.'s Reply Br. at 5.)  Therefore, Plaintiff maintains that attorneys' fees are justified because "[i]t is now clear, from their reply brief, that the Prosecutor's Office failed to even review the underlying documents prior to filing the [M]otion to [Q]uash asserting privilege." *Id*. at 6.

## II.   DISCUSSION

### A.   *Scope of Discovery*

Federal Rule of Civil Procedure 26(b)(1) provides in relevant part:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

FED. R. CIV. P. 26(b)(1).

Courts have construed this rule liberally, "creating a broad range for discovery which would 'encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *Lesal Interiors, Inc. v. Resolution Trust Corp.*, 153 F.R.D. 552, 560 (D.N.J. 1994)).  Review of all relevant evidence provides each party with a fair opportunity to "present an effective case at trial."  *Id*.

However, the scope of discovery has "ultimate and necessary boundaries." *Id*. (citing *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).  To be discoverable, evidence must be "reasonably calculated to lead to the discovery of admissible evidence."  *Id*.  Whether certain documents are relevant is "viewed in light of the allegations of the complaint, not as to evidentiary admissibility."  *Scouler v. Craig*, 116 F.R.D. 494, 496 (D.N.J. 1987).  In *Scouler*, the plaintiff alleged inadequacy of the Township's supervising and training of an officer.  *Id*.  The Court held that the personnel file of the officer, complaints, and disciplinary action against the officer, were all relevant to plaintiff's allegations.  *Id*.  The Court further held that "supervisory evaluations should not be shielded unless, as to each assertedly privileged evaluation, defendants are able to make a strong showing that confidentiality is vital to the decision-making process of the municipality or would otherwise substantially harm the public interest."  *Id*.  (*See also Crawford v. Dominic*, 469 F. Supp. 260, 263 (E.D. Pa. 1979) (finding that knowledge of the City's supervisory and policy-making employees is relevant in determining supervisory liability)).

Similar to the plaintiff in *Scouler*, Plaintiff's Complaint in the present case includes,

9

among other things, claims against the Town of Oxford for failure to properly discipline, supervise and/or train an Officer, as well as claims against individual Officers of the Township. Plaintiff's Subpoenas seek information regarding Officer Malcolm, including the investigation that was conducted by the Prosecutor's Office with respect to the incident giving rise to Plaintiff's Complaint, as well as other instances alleging the use of excessive force by Malcolm. Plaintiff's Subpoenas also seek the Oxford Township Police Department's use of force reports from 2005-2009 regarding any member of the Police Department. The material sought by Plaintiff's Subpoenas is relevant to a claim or defense under Rule 26(b)(1) as it relates to the Oxford Township Police Department and its Officers, including Officer Malcolm.

>   **B.    *Grounds to quash a subpoena argued in the instant Motion***

Federal Rule of Civil Procedure 45(c)(3)(A) states, in pertinent part, that the "court must quash or modify a subpoena that:(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iii-iv).

Warren County contends that the Subpoenas are overly broad, request materials which are not relevant to Plaintiff's claims, and which can be obtained from a party to the action. Nonetheless, the Court has concluded the subject matter of the material requested in the Subpoenas is clearly relevant pursuant to Rule 26(b)(1) and accepts Plaintiff's representation that the requested materials are not available from any other source. Warren County has not alleged any specific or significant burden that is sufficient to justify quashing the Subpoenas. Therefore, the Court has no grounds to quash the Subpoenas pursuant to Rule 45(c)(3)(A)(iv).

### C.    Law Enforcement Privilege

Even though the information requested by Plaintiff's Subpoenas is relevant under Rule 26, it may not be discoverable if it is protected by a privilege.  The executive or law enforcement privilege in federal actions has been left to the courts to develop on a case-by-case basis.  *Torres v. Kuzniasz*, 936 F. Supp. 1201, 1208 (D.N.J. 1996).  "There appears to be no continuity among federal courts regarding what privileges can be invoked by law enforcement officials when defending against a civil rights claim."  *Id.*  It is clear, however, that the party claiming the privilege must demonstrate the precise ground on which the privilege is claimed.  The Third Circuit "has rejected 'broadside invocation[s] of privilege' which fail to 'designate with particularity the specific documents or file to which the claim of privilege applie[s].'"  *Id.* (citing *United States v. O'Neill*, 619 F.2d 222, 225 (3d Cir. 1980)).  The privilege must be asserted by "the head of the agency claiming the privilege after he or she has personally reviewed the material and submitted 'precise and certain reasons for preserving' the confidentiality of the communications."  *Id.* at 1210 (citing *United States v. O'Neill*, 619 F.2d at 226).

In a §1983 case, a claim of governmental privilege "'must be so meritorious as to overcome the fundamental importance of a law meant to insure each citizen from unconstitutional state action.'"  *Scouler*, 116 F.R.D. at 496 (quoting *Wood v. Breier*, 54 F.R.D. 7, 13 (E.D. Wis. 1972); *Crawford v. Dominic*, 469 F. Supp. 260, 262 (E.D. Pa. 1979).  A claim of executive privilege may protect "state and even municipal executive officials from disclosure of documents in their official capacity."  *Crawford*, 469 F. Supp. at 263.  The privilege is designed to protect documents and information whose disclosure would seriously harm the operation of government.  *Id.* at 263-264.

Courts have considered several factors "in balancing the protection of police files against the rights of a civil rights claimant."  *Id.*  These factors include:

> (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information;
> (2) the impact upon persons who have given information of having their identities disclosed;
> (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure;
> (4) whether the information sought is factual data or evaluative summary;
> (5) whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question;
> (6) whether the police investigation has been completed;
> (7) whether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation;
> (8) whether the plaintiff's suit is non-frivolous and brought in good faith;
> (9) whether the information sought is available through other discovery or from other sources; and
> (10) the importance of the information sought to the plaintiff's case.

*Frankenhauser v. Rizzo*, 59 F.R.D. 339, 344 (E.D. Pa. 1973).  When reviewing these factors, "the balance must be weighed in favor of disclosure to the plaintiff."  *Scouler*, 116 F.R.D. 497; *see also United States v. O'Neill*, 936 F. Supp. at 1210 (explaining that "the balancing test for determining whether the law enforcement privilege applies must be conducted with an eye toward disclosure").

In the present case, Warren County claims the information requested by Plaintiff is protected under the law enforcement privilege.  Warren County further claims that the *Frankenhauser* factors do not make it clear that Plaintiff is entitled to disclosure of the subpoenaed information.  As noted in *Scouler*, applying the *Frankenhauser* factors to the present case, the balance must weigh in favor of disclosure.

First, Warren County has identified no particularized harm to governmental processes

that would result if the information were disclosed to Plaintiff.  Warren County merely makes a

blanket assertion of the law enforcement privilege and does not provide any additional

information regarding the precise and certain reasons for protection of the documents, nor did

they identify which documents they claim are protected until the late submission of a privilege

log on September 28, 2009.   Second, Warren County has identified no impact on those persons

who have given information.  Presumably, a protective order would limit any use of the

information beyond this litigation.  Third, it is possible that self-evaluations could be included in

the requested information.  However, Warren County has offered no evidence that such materials

are present and, given the tendency toward disclosure, this factor alone is not determinative.

Fourth, the information requested is both factual and evaluative.  However, supervisory

evaluations are not shielded without a strong showing that confidentiality is essential to the

decision making process or would harm the public interest.  Warren County has made no such

showing.  Fifth, the related criminal proceeding has concluded.  Therefore, this factor is moot.

Sixth, the August 2007 incident and any police investigation stemming from it has concluded.

Therefore, this factor is also moot.  Seventh, it is uncertain whether any intradepartmental

disciplinary proceedings have arisen from the investigation.  Warren County has failed to address

this factor.  Eighth, there is no evidence of Plaintiff's bad faith in bringing this action.  Ninth, the

information relating to the investigation of the Prosecutor's Office is not available through any

other source.  Tenth, the information sought is relevant to Plaintiff's civil rights case.

Considered together, the *Frankenhauser* factors clearly weigh in favor of disclosure to Plaintiff

of the requested information.

     Further, despite his attempt to do so, Assistant Prosecutor Craig Barto is not qualified to

assert the law enforcement privilege in the present matter.  This privilege can only be asserted by

the head of an agency.  Assistant Prosecutor Barto also provided no specific information

regarding which documents requested by Plaintiff are privileged.  The standard explained in

*Torres* which requires "precise and certain reasons" for protection of information has not been

met.  Assistant Prosecutor Barto states that because the documents requested by Plaintiff "are

part of the investigative files of a law enforcement agency, the law enforcement privilege has

been claimed." (Barto's Cert. at ¶9).  However, Assistant Prosecutor Barto did not provide any

detailed explanation for the requested protection of the documents, and did not identify which

documents for which protection is sought until September 28, 2008, a month after Warren

County filed the Motion to Quash.  Under the circumstances, the information requested in

Plaintiff's Subpoenas can not be withheld based on the law enforcement privilege.  Accordingly,

the requested documents will be produced pursuant to the Protective Order discussed in Section

D, infra.

### D.    *Protective Order*

Pursuant to Federal Rule of Civil Procedure 26(c), "the court . . . may make any order

which justice so requires to protect a party or person from annoyance, embarrassment,

oppression, or undue burden or expense."  FED. R. CIV. P. 26(c).  Upon a showing of good cause,

the Court may, in its discretion, enter a protective order "for which the movant bears the burden

of persuasion."  *Caver v. City of Trenton*, 192 F.R.D. 154, 162 (D.N.J. 2000).

In the present case, Warren County believes that a protective order is appropriate to

protect the personal and confidential information included in the documents sought by Plaintiff's

Subpoenas.  (*See* Warren County's Reply Br. at 12-13.) (requesting a protective order for any

14

information ordered disclosed).  In responding to Warren County's request for the issuance of a protective order, Plaintiff argues that the Court cannot consider the issuance of a protective order because it was not raised in Warren County's original Motion and lacks any evidentiary support. (*See* Pl.'s Sur-reply at 5.)  However, the Court cannot refuse to consider Warren County's late request for the issuance of a protective order in light of the fact that many of the documents requested in Plaintiff's Subpoenas include references to confidential information including social security numbers, driver's license numbers and vehicle registration information, unlisted telephone numbers and information concerning minors and juvenile activities.  (*See* Mr. Barto's Decl. at ¶11.)  Therefore, following oral argument, the Court directed counsel to meet and confer regarding the terms of an appropriate Protective Order.  Such an Order was subsequently submitted and filed on November 13, 2009.

> **E.     Request for Attorneys' Fees**

The Court finds that a detailed analysis as to whether the imposition of attorneys' fees is unnecessary in light of the fact that it has directed disclosure of the information requested in Plaintiff's Subpoenas, subject to a Protective Order.  *See Torres v. Kuzniasz*, 963 F.Supp 1201, 1214 (D.N.J. 1996) (reasoning that "because the defendants' motion for a protective order will be granted in part, the court declines to award attorneys' fees and costs in favor of the plaintiffs.").

## III.    CONCLUSION

For the reasons stated herein, Warren County's Motion to Quash Plaintiff's Subpoenas is denied.  The relevant information requested by Plaintiff is not protected from disclosure by the law enforcement privilege in this case.  Because certain of the discoverable documents requested by Plaintiff contain personal and confidential information, a Protective Order was entered in this

case on November 13, 2009.  An appropriate Order accompanies this Memorandum Opinion

Dated: December 8, 2009.

<div align="center" style="margin-left:40%">

*s/ Douglas E. Arpert*
**DOUGLAS E. ARPERT**
**United States Magistrate Judge**

</div>

16